**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| ASTELLAS PHARMA INC.; ASTELLAS US LLC; ASTELLAS PHARMA US, INC., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| SOMERSET THERAPEUTICS, LLC; SOMERSET PHARMA, LLC; SOMERSET THERAPEUTICS PRIVATE LIMITED f/k/a SOMERSET THERAPEUTICS LIMITED; and ODIN PHARMACEUTICALS, LLC, | ) ) ) ) ) ) | C.A. _____ |
| Defendants. | ) | |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiffs Astellas Pharma Inc. ("API"), Astellas US LLC ("AUS"), and Astellas Pharma US, Inc. ("APUS") (collectively, "Plaintiffs"), for their Complaint against Defendants Somerset Therapeutics, LLC ("Somerset Therapeutics"), Somerset Pharma, LLC ("Somerset Pharma"), Somerset Therapeutics Private Limited f/k/a Somerset Therapeutics Limited ("Somerset Limited"), and Odin Pharmaceuticals, LLC ("Odin") (collectively, "Defendants"), hereby allege as follows:

**PARTIES**

**Plaintiffs**

1.      Plaintiff API is a corporation organized and existing under the laws of Japan, having its principal place of business at 2-5-1, Nihonbashi-Honcho, Chuo-Ku, Tokyo 103-8411, Japan.

2.      Plaintiff AUS is a limited liability company organized and existing under the laws of the State of Delaware, having its principal place of business at 2375 Waterview Drive, Northbrook, Illinois 60062, United States.

3.      Plaintiff APUS is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 2375 Waterview Drive, Northbrook, Illinois 60062, United States.

### Defendants

4.      On information and belief, Defendant Somerset Therapeutics is a limited liability company organized and existing under the laws of Delaware, having a principal place of business at 300 Franklin Square Drive, Somerset, New Jersey 08873, United States.

5.      On information and belief, Somerset Therapeutics, by itself and/or through its affiliates and agents, is in the business of, *inter alia*, manufacturing, marketing, importing, preparing, and selling generic pharmaceutical products that it distributes in the State of Delaware and throughout the United States.

6.      On information and belief, Defendant Somerset Pharma is a limited liability company organized and existing under the laws of Delaware, having a principal place of business at 300 Franklin Square Drive, Somerset, New Jersey 08873, United States.

7.      On information and belief, Somerset Pharma, by itself and/or through its affiliates and agents, is in the business of, *inter alia*, manufacturing, marketing, importing, preparing, and selling generic pharmaceutical products that it distributes in the State of Delaware and throughout the United States.

8.      On information and belief, Defendant Somerset Limited is a corporation organized and existing under the laws of India, having a principal place of business at 54/1 Budihal Nelamangala, Bengaluru 562 123, Karnataka, India.

9.      On information and belief, Somerset Limited, by itself and/or through its affiliates and agents, is in the business of, *inter alia*, manufacturing, marketing, importing, preparing, and selling generic pharmaceutical products that it distributes in the State of Delaware and throughout the United States.

10.     On information and belief, Defendant Odin is a limited liability company organized and existing under the laws of Delaware, having a principal place of business at 300 Franklin Square Drive, Somerset, New Jersey 08873, United States.

11.     On information and belief, Odin, by itself and/or through its affiliates and agents, is in the business of, *inter alia*, manufacturing, marketing, importing, preparing, and selling generic pharmaceutical products that it distributes in the State of Delaware and throughout the United States.

12.     On information and belief, Defendants are all affiliates of each other, and are each indirect, wholly-owned subsidiaries of Somerset Lifesciences, Inc. *See, e.g., Biogen MA Inc. et al., v. Somerset Therapeutics, LLC, et al.*, 26-580-CFC (D. Del.) (D.I. 13); *Vifor Fresenius Medical Care Renal Pharma Ltd., et al. v. Gland Pharma Limited, et al*., 25-1382 (D. Del.) (D.I. 24); *see also* https://somersetpharma.com/home-2/ (last visited July 15, 2026) (listing Defendants Somerset Therapeutics, Somerset Limited, and Odin as "affiliations" of Defendant Somerset Pharma).

13.     On information and belief, Defendants are agents of each other with respect to the development, regulatory approval, marketing, sale, and/or distribution of generic products within

3

the United States. On information and belief, the acts of the Defendants complained of herein were done with the cooperation, participation, and assistance of, and at least in part for the benefit of, each other.

14.     On information and belief, Defendants have cooperated and assisted in the preparation and filing of Abbreviated New Drug Application ("ANDA") No. 221483 ("Somerset ANDA") and will be involved in the manufacture, importation, marketing, and/or sale of the drug that is the subject of the Somerset ANDA, if approved by the United States Food and Drug Administration ("FDA").

## NATURE OF THE ACTION

15.     This is a civil action for the infringement of U.S. Patent Nos. 10,206,879 ("the '879 Patent") and 10,603,280 ("the '280 Patent") under the patent laws of the United States, 35 U.S.C. § 100 *et seq.*, arising from Defendants' filing of ANDA No. 221483 with the FDA seeking approval to market a generic version of the pharmaceutical product CRESEMBA® (isavuconazonium sulfate) capsules, for oral use, 186 mg ("CRESEMBA® capsules"), before the expiration of the '879 and '280 Patents covering CRESEMBA® capsules.

## JURISDICTION AND VENUE

16.     This Court has jurisdiction over the subject matter of this action, including Counts I-II against the Defendants, pursuant to 28 U.S.C. §§ 1331 and 1338.

17.     This Court has personal jurisdiction over Defendants by virtue of the fact that, *inter alia*, Defendants have committed the tortious act of patent infringement pursuant to 35 U.S.C. § 271(e)(2)(A) that has led to foreseeable harm and injury to Plaintiffs in the State of Delaware and throughout the United States.

18.    This Court has personal jurisdiction over Defendants by virtue of the fact that, on information and belief, Defendants, either directly or through their affiliates, regularly and continuously do or solicit business in Delaware, engage in other persistent courses of conduct in Delaware, and/or derive substantial revenue from services of things used or consumed in Delaware, including by selling their pharmaceutical products in Delaware and, therefore can reasonably expect to be subject to jurisdiction in the Delaware courts. On information and belief, Defendants conduct marketing and sales activities in the State of Delaware, including but not limited to, distribution, marketing, and sales of pharmaceutical products to Delaware residents that are continuous and systematic. On information and belief, if the Somerset ANDA is approved, Defendants will market and sell their generic version of CRESEMBA® capsules in Delaware.

19.    This Court has personal jurisdiction over Somerset Therapeutics. On information and belief, Somerset Therapeutics regularly and continuously conduct business in Delaware; is a limited liability company organized and existing under the laws of the State of Delaware, registered with the Delaware Department of State Division of Corporations as a business operating in Delaware under ID No. 5750419; and maintains a registered agent in Delaware, Incorp Services, Inc., located at 131 Continental Drive, Suite 301, Newark, Delaware 19713, United States.

20.    This Court further has personal jurisdiction over Somerset Therapeutics by virtue of the fact that Somerset Therapeutics has previously submitted to the jurisdiction of this Court and purposefully availed itself of this Court by consenting to this Court's jurisdiction and asserting counterclaims in civil actions initiated in this jurisdiction, including but not limited to, *e.g.*, *Biogen MA Inc. et al. v. Somerset Therapeutics, LLC, et al.*, C.A. No. 26-580-CFC (D.I. 12); *Azurity Pharmaceuticals, Inc. v. Appco Pharma LLC, et al.*, C.A. No. 26-402-GBW (D.I. 12); *Hope Medical Enterprises, Inc. v. Somerset Therapeutics, LLC, et al.*, C.A. No. 25-1523-JFM (D.I. 18);

*Vifor Fresenius Medical Care Renal Pharma Ltd., et al. v. Gland Pharma Limited et al.*, C.A. No. 25-1382-CFC (D.I. 23), *Astellas Pharma Inc., et al. v. Renata Limited, et al.*, C.A. No. 25-1383-MN-EGT (D.I. 12); *Aveo Pharmaceuticals, Inc. v. Somerset Therapeutics, LLC, et al.*, C.A. No. 25-560-MN (D.I. 9).

21.    This Court has personal jurisdiction over Somerset Pharma. On information and belief, Somerset Pharma regularly and continuously conducts business in Delaware; is a limited liability company organized and existing under the laws of the State of Delaware, registered with the Delaware Department of State Division of Corporations as a business operating in Delaware under ID No. 7348810; and maintains a registered agent in Delaware, Incorp Services, Inc., located at 131 Continental Drive, Suite 301, Newark, Delaware 19713, United States.

22.    This Court further has personal jurisdiction over Somerset Pharma by virtue of the fact that Somerset Pharma has previously submitted to the jurisdiction of this Court and purposefully availed itself of this Court by consenting to this Court's jurisdiction and asserting counterclaims in civil actions initiated in this jurisdiction, including but not limited to, *e.g.*, *Biogen MA Inc. et al. v. Somerset Therapeutics, LLC, et al.*, C.A. No. 26-580-CFC (D.I. 12); *Hope Medical Enterprises, Inc. v. Somerset Therapeutics, LLC, et al.*, C.A. No. 25-1523-JFM (D.I. 18); *Aveo Pharmaceuticals, Inc. v. Somerset Therapeutics, LLC, et al.*, C.A. No. 25-560-MN (D.I. 9).

23.    This Court has personal jurisdiction over Somerset Limited. On information and belief, Somerset Limited regularly and continuously conduct business with Delaware, either directly or through its affiliates Somerset Therapeutics, Somerset Pharma, and Odin, each a Delaware limited liability company, including by selling pharmaceutical products in Delaware.

24.    This Court further has personal jurisdiction over Somerset Limited by virtue of the fact that Somerset Limited has previously submitted to the jurisdiction of this Court and

purposefully availed itself of this Court by consenting to this Court's jurisdiction and asserting counterclaims in civil actions initiated in this jurisdiction, including but not limited to, *e.g.*, *Biogen MA Inc. et al. v. Somerset Therapeutics, LLC, et al.*, C.A. No. 26-580-CFC (D.I. 12); *Hope Medical Enterprises, Inc. v. Somerset Therapeutics, LLC, et al.*, C.A. No. 25-1523-JFM (D.I. 18); *Aveo Pharmaceuticals, Inc. v. Somerset Therapeutics, LLC, et al.*, C.A. No. 25-560-MN (D.I. 9).

25.     Alternatively, this Court may exercise jurisdiction over Somerset Limited pursuant to Federal Rule of Civil Procedure 4(k)(2) because (a) Plaintiffs' claims arise under federal law; (b) Somerset Limited is a foreign defendant not subject to general personal jurisdiction in the courts of any state; and (c) Somerset Limited has sufficient contacts with the United States as a whole, including, but not limited to, manufacturing and/or selling pharmaceutical products distributed throughout the United States, such that this Court's exercise of jurisdiction over Somerset Limited satisfies due process.

26.     This Court has personal jurisdiction over Odin. On information and belief, Odin regularly and continuously conducts business in Delaware; is a limited liability company organized and existing under the laws of the State of Delaware, registered with the Delaware Department of State Division of Corporations as a business operating in Delaware under ID No. 7015222; and maintains a registered agent in Delaware, Incorp Services, Inc., located at 131 Continental Drive, Suite 301, Newark, Delaware 19713, United States.

27.     This Court further has personal jurisdiction over Odin by virtue of the fact that Odin has previously submitted to the jurisdiction of this Court and purposefully availed itself of this Court by consenting to this Court's jurisdiction and asserting counterclaims in civil actions initiated in this jurisdiction, including but not limited to, *e.g.*, *Biogen MA Inc. et al. v. Somerset Therapeutics, LLC, et al.*, C.A. No. 26-580-CFC (D.I. 12); *Hope Medical Enterprises, Inc. v.*

*Somerset Therapeutics, LLC, et al.*, C.A. No. 25-1523-JFM (D.I. 18); *Vifor Fresenius Medical Care Renal Pharma Ltd., et al. v. Gland Pharma Limited et al.*, C.A. No. 25-1382-CFC (D.I. 23); *Aveo Pharmaceuticals, Inc. v. Somerset Therapeutics, LLC, et al.*, C.A. No. 25-560-MN (D.I. 9).

28.     Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400(b).

29.     Venue is proper as to Somerset Therapeutics in this judicial district because, *inter alia*, Somerset Therapeutics is a limited liability company organized and existing under the laws of the State of Delaware.

30.     Venue is proper as to Somerset Pharma in this judicial district because, *inter alia*, Somerset Pharma is a limited liability company organized and existing under the laws of the State of Delaware.

31.     Venue is proper as to Somerset Limited in this judicial district because, *inter alia*, Somerset Limited is a foreign corporation not residing in any United States district and may be sued in any judicial district.

32.     Venue is proper as to Odin in this judicial district because, *inter alia*, Odin is a limited liability company organized and existing under the laws of the State of Delaware.

33.     Venue is further proper in this Court as to the Defendants because, *inter alia*, they have committed, aided, abetted, contributed to, and/or participated in the commission of acts of patent infringement that will lead to foreseeable harm and injury to Plaintiffs, which manufacture CRESEMBA® capsules for sale throughout the United States, including within the State of Delaware.

## THE CRESEMBA® CAPSULE NDA

34.     Plaintiff APUS filed New Drug Application ("NDA") No. 207500 for CRESEMBA® capsules, for oral use, 74.5 mg and 186 mg isavuconazonium sulfate. The FDA

approved NDA No. 207500 on March 6, 2015, for treatment of invasive aspergillosis and invasive mucormycosis in patients 18 years of age and older. On December 8, 2023, the FDA approved an expanded indication for treatment of invasive aspergillosis and invasive mucormycosis in adults and pediatric patients 6 years of age and older who weigh 16 kilograms (kg) and greater. APUS sells CRESEMBA® capsules in the United States.

35.    Isavuconazonium sulfate is a compound that can be referred to by any of several chemical names, including glycine, *N*-methyl-, [2-[[[1-[1-[(2*R*,3*R*)-3-[4-(4-cyanophenyl)-2-thiazolyl]-2-(2,5-difluorophenyl)-2-hydroxybutyl]-4*H*-1,2,4-triazolium-4-yl]ethoxy]carbonyl]methylamino]-3-pyridinyl]methyl ester, sulfate (1:1), and which has the following chemical structure:

**THE PATENTS-IN-SUIT**

36.    On February 19, 2019, the '879 Patent entitled "Active Ingredient Containing Stabilised Solid Medicinal Forms and Methods for the Production Thereof" was duly and legally issued to Losan Pharma GmbH ("Losan"). A true and correct copy of the '879 Patent is attached hereto as Exhibit A.

37.    The '879 Patent claims, *inter alia*, solid medicinal forms comprising a hydroxypropylmethylcellulose ("HPMC") capsule and a capsule filling containing a moisture-sensitive active ingredient (which includes isavuconazonium sulfate), trimagnesium dicitrate, and microcrystalline cellulose.

38.    On March 31, 2020, the '280 Patent, entitled "Active Ingredient Containing Stabilised Solid Medicinal Forms and Methods for the Production Thereof" was duly and legally issued to Losan. A true and correct copy of the '280 Patent is attached hereto as Exhibit B.

39.    The '280 Patent claims, *inter alia*, solid medicinal forms comprising an HPMC capsule and a capsule filling containing a moisture-sensitive active ingredient (which includes isavuconazonium sulfate ), trimagnesium dicitrate, and microcrystalline cellulose.

40.    Pursuant to an agreement entered into between, *inter alia*, API, AUS, APUS, and Losan, Losan assigned and transferred all ownership rights with respect to the '879 and '280 Patents to Plaintiff API.

41.    In accordance with 21 U.S.C. § 355(b)(1) and 21 C.F.R. § 314.53, the '879 and '280 Patents are listed in the FDA's *Approved Drug Products with Therapeutic Equivalents Evaluations* (the "Orange Book") for CRESEMBA® capsules.

42.    In particular, the Orange Book identifies the '879 and '280 Patents as claiming the CRESEMBA® capsule drug products (formulation and/or composition).

## ACTS GIVING RISE TO THE PATENT INFRINGEMENT COUNTS

43.    By a letter dated June 4, 2026 ("Notice Letter"), the Defendants informed Plaintiffs API and APUS that they had submitted the Somerset ANDA to the FDA seeking approval to manufacture, use, and/or sell isavuconazonium sulfate capsules for oral use, 186 mg ("Somerset's Generic Product") prior to the expiration of the '879 and '280 Patents.

44.    On information and belief, Defendants submitted the Somerset ANDA to the FDA under § 505(j) of the Federal Food, Drug, and Cosmetic Act ("FDCA"), seeking approval to engage in commercial manufacture, use, and sale of Somerset's Generic Product as a generic version of CRESEMBA® capsules.

45.    On information and belief, the Somerset ANDA seeks FDA approval of Somerset's Generic Product for the indications of treatment of invasive aspergillosis and invasive mucormycosis.

46.    The Notice Letter also advised Plaintiffs API and APUS that Somerset's ANDA submission included certifications under 21 U.S.C.§ 355(j)(2)(A)(vii)(IV) that, in Defendants' opinion, certain claims of the '879 and '280 Patents are invalid, unenforceable, and/or will not be infringed by the commercial manufacture, sale, and/or use of Somerset's Generic Product.

47.    The Notice Letter does not allege non-infringement for any claim of the '879 and/or '280 Patents.

48.    By not identifying non-infringement defenses for any claim of the '879 and/or '280 Patents, Defendants concede Somerset's Generic Product meets all limitations of those claims.

49.    The Notice Letter does not allege invalidity under 35 U.S.C. §§ 101, 102, obviousness-type double patenting, or unenforceability for any claim of the '879 and/or '280 Patents.

50.    By not identifying invalidity defenses under 35 U.S.C. §§ 101, 102, obviousness-type double patenting, or unenforceability, Defendants concede the '879 Patent and '280 Patent claims are not invalid under 35 U.S.C. §§ 101, 102, the obviousness-type double patenting doctrine and are not unenforceable.

51. There is an actual, real, immediate, and justiciable controversy between Plaintiffs and Defendants regarding the infringement, validity, and enforceability of the '879 and '280 Patents.

52. On information and belief, following FDA approval of the Somerset ANDA, Defendants will act in concert to make, use, offer to sell, or sell Somerset's Generic Product throughout the United States, or import such generic products into the United States.

53. On information and belief, following FDA approval of the Somerset ANDA, Defendants intend to directly benefit from sales of Somerset's Generic Product.

54. Plaintiffs are commencing this action against Defendants within 45 days of receiving the Notice Letter pursuant to 21 U.S.C. § 355(j)(5)(B)(iii).

## COUNT I

### (Infringement of the '879 Patent)

55. Plaintiffs incorporate each of the preceding paragraphs 1-54 as if fully set forth herein.

56. By submitting the Somerset ANDA to the FDA to obtain approval under the FDCA to engage in the commercial manufacture, use, offer for sale, sale and/or importation of Somerset's Generic Product throughout the United States, including Delaware, prior to the expiration of the '879 Patent, Defendants committed an act of infringement of the '879 Patent under 35 U.S.C. § 271(e)(2)(A).

57. The '879 Patent claims, *inter alia*, solid medicinal forms containing a moisture-sensitive active ingredient and trimagnesium dicitrate. Claim 1 recites "[a] non-effervescent solid medicinal form comprising a hydroxypropylmethylcellulose (HPMC) capsule filled with a capsule filling comprising: a. 30 to 40% by weight of a moisture-sensitive active ingredient, wherein said

active ingredient is not trimagnesium dicitrate; b. 20 to 50% by weight of trimagnesium dicitrate acting as a drying agent that stabilizes the moisture sensitive agent against hydrolysis during storage; and c. 5 to 30% by weight of a microcrystalline cellulose; wherein said medicinal form exhibits a drying loss, measured at 120° C./30 min, of 0.5 to 2.5% and a relative equilibrium moisture, measured at 25° C., of at most 15%."

58.     The formulation of CRESEMBA® capsules is a non-effervescent solid medicinal form comprising an HPMC capsule filled with a capsule filling comprising: 30 to 40% by weight of a moisture-sensitive active ingredient (isavuconazonium sulfate), wherein said active ingredient is not trimagnesium dicitrate; 20 to 50% by weight of trimagnesium dicitrate acting as a drying agent that stabilizes the moisture sensitive agent against hydrolysis during storage; and 5 to 30% by weight of a microcrystalline cellulose, wherein the medicinal form exhibits a drying loss, measured at 120° C/30 min, of 0.5 to 2.5% and a relative equilibrium moisture, measured at 25°C, of at most 15%. The formulation of CRESEMBA® capsules is covered by the '879 Patent.

59.     The Notice Letter does not dispute that Somerset's Generic Product will be non-effervescent solid medicinal forms comprising HPMC capsules filled with a moisture-sensitive active ingredient (isavuconazonium sulfate), trimagnesium dicitrate, and microcrystalline cellulose, or that they will exhibit a drying loss and a relative equilibrium moisture within the scope of the claims.

60.     On information and belief, Somerset's Generic Product, if approved by the FDA, will infringe one or more claims of the '879 Patent because Somerset's Generic Product will be non-effervescent solid medicinal forms comprising HPMC capsules filled with a moisture-sensitive active ingredient (isavuconazonium sulfate), trimagnesium dicitrate acting as a drying agent that stabilizes the moisture sensitive agent against hydrolysis during storage, and

microcrystalline cellulose, and will exhibit a drying loss and a relative equilibrium moisture within the scope of the claims.

61. On information and belief, Defendants' manufacture, use, sale, offer for sale, and/or importation into the United States of Somerset's Generic Product prior to the expiration of the '879 Patent, including any applicable exclusivities or extensions, will directly infringe one or more claims of the '879 Patent under 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents. Defendants will infringe one or more claims of the '879 Patent.

62. On information and belief, Defendants were aware of the existence of the '879 Patent and its listing in the Orange Book as demonstrated by their reference to the '879 Patent in the Notice Letter.

63. On information and belief, Defendants copied the claimed invention of the '879 Patent.

64. On information and belief, Defendants know or should know that their commercial manufacture, use, offer for sale, sale, and/or importation of Somerset's Generic Product prior to patent expiry will infringe one or more claims of the '879 Patent.

65. On information and belief, Defendants' statement of the factual and legal bases for their opinions regarding invalidity of the '879 Patent is devoid of an objective good faith basis either in the facts or the law. This case is exceptional.

66. Plaintiffs will be substantially and irreparably harmed by the infringing activities of Defendants as described above unless those activities are precluded by this Court. Plaintiffs have no adequate remedy at law.

**COUNT II**

**(Infringement of the '280 Patent)**

67.     Plaintiffs incorporate each of the preceding paragraphs 1-54 as if fully set forth herein.

68.     By submitting the Somerset ANDA to the FDA to obtain approval under the FDCA to engage in the commercial manufacture, use, offer for sale, sale and/or importation of Somerset's Generic Product throughout the United States, including Delaware, prior to the expiration of the '280 Patent, Defendants committed an act of infringement of the '280 Patent under 35 U.S.C. § 271(e)(2)(A).

69.     The '280 Patent claims, *inter alia*, solid medicinal forms containing a moisture-sensitive active ingredient and trimagnesium dicitrate. Claim 1 recites "[a] non-effervescent solid medicinal form comprising a hydroxypropylmethylcellulose (HPMC) capsule filled with a capsule filling comprising: a. 20 to 40% by weight of a moisture-sensitive active ingredient, wherein said active ingredient is not trimagnesium dicitrate; b. 20 to 50% by weight of trimagnesium dicitrate acting as a drying agent that stabilizes the moisture sensitive agent against hydrolysis during storage; and c. 5 to 30% by weight of a microcrystalline cellulose; wherein said medicinal form exhibits a relative equilibrium moisture, measured at 25° C., of at most 15%."

70.     The formulation of CRESEMBA® capsules is a non-effervescent solid medicinal form comprising an HPMC capsule filled with a capsule filling comprising: 20 to 40% by weight of a moisture-sensitive active ingredient (isavuconazonium sulfate), wherein said active ingredient is not trimagnesium dicitrate; 20 to 50% by weight of trimagnesium dicitrate acting as a drying agent that stabilizes the moisture sensitive agent against hydrolysis during storage; and 5 to 30% by weight of a microcrystalline cellulose, wherein the medicinal form exhibits a relative

15

equilibrium moisture, measured at 25°C, of at most 15%. The formulation of CRESEMBA® capsules is covered by the '280 Patent.

71.    The Notice Letter does not dispute that Somerset's Generic Product will be non-effervescent solid medicinal forms comprising HPMC capsules filled with a moisture-sensitive active ingredient (isavuconazonium sulfate), trimagnesium dicitrate, and microcrystalline cellulose, or that they will exhibit a relative equilibrium moisture within the scope of the claims.

72.    On information and belief, Somerset's Generic Product, if approved by the FDA, will infringe one or more claims of the '280 Patent because Somerset's Generic Product will be non-effervescent solid medicinal forms comprising HPMC capsules filled with a moisture-sensitive active ingredient (isavuconazonium sulfate), trimagnesium dicitrate acting as a drying agent that stabilizes the moisture sensitive agent against hydrolysis during storage, and microcrystalline cellulose, and will exhibit a relative equilibrium moisture within the scope of the claims.

73.    On information and belief, Defendants' manufacture, use, sale, offer for sale, and/or importation into the United States of Somerset's Generic Product prior to the expiration of the '280 Patent, including any applicable exclusivities or extensions, will directly infringe one or more claims of the '280 Patent under 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents. Defendants will infringe one or more claims of the '280 Patent.

74.    On information and belief, Defendants were aware of the existence of the '280 Patent and its listing in the Orange Book as demonstrated by their reference to the '280 Patent in the Notice Letter.

75.    On information and belief, Defendants copied the claimed invention of the '280 Patent.

76. On information and belief, the Defendants know or should know that their commercial manufacture, use, offer for sale, sale, and/or importation of Somerset's Generic Product prior to patent expiry will infringe one or more claims of the '280 Patent.

77. On information and belief, Defendants' statement of the factual and legal bases for their opinions regarding invalidity of the '280 Patent is devoid of an objective good faith basis either in the facts or the law. This case is exceptional.

78. Plaintiffs will be substantially and irreparably harmed by the infringing activities of Defendants as described above unless those activities are precluded by this Court. Plaintiffs have no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request the following relief:

A. A judgment that Defendants infringed one or more claims of United States Patent Nos. 10,206,879 and 10,603,280 by submitting ANDA No. 221483 seeking FDA approval for the commercial manufacture, use, offer for sale, sale, and/or importation of Somerset's Generic Product before expiration of those patents under 35 U.S.C. § 271(e)(2)(A);

B. A judgment that Defendants' commercial manufacture, use, offer for sale, sale, and/or importation of Somerset's Generic Product will infringe one or more claims of the United States Patent Nos. 10,206,879 and 10,603,280 under 35 U.S.C. § 271(a);

C. A permanent injunction under 35 U.S.C. §§ 271(e)(4)(B) and/or 283 restraining and enjoining Defendants, and their officers, agents, servants, employees, and those persons in active concert or participation with any of them from engaging in the commercial manufacture, use, offer for sale, sale in, and/or importation into the United States of Somerset's Generic Product

17

prior to the expiration date of United States Patent Nos. 10,206,879 and 10,603,280, inclusive of any extensions;

D.    An order under 35 U.S.C. § 271(e)(4)(A) that the effective date of any FDA approval of ANDA No. 221483 under Section 505(j) of the Federal Food, Drug, and Cosmetic Act (21 U.S.C. § 355(j)) shall be a date that is not earlier than the expiration date of United States Patent Nos. 10,206,879 and 10,603,280, inclusive of any extensions;

E.    A judgment that the claims of United States Patent Nos. 10,206,879 and 10,603,280 are not invalid and are not unenforceable;

F.    If Defendants engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Somerset's Generic Product prior to the expiration of United States Patent Nos. 10,206,879 and/or 10,603,280, a judgment awarding damages to Plaintiffs resulting from such infringement, with all costs and interests;

G.    A declaration that this case is "exceptional" under 35 U.S.C. § 285 and an award of attorney fees;

H.    An award of costs and expenses in this action; and

I.    Such further and additional relief that this Court deems just and proper.

Dated: July 16, 2026

*OF COUNSEL*:

Dominick A. Conde
Erin J.D. Austin
Damien N. Dombrowski
Alexis M. McJoynt
Stephen Krachie
Jacqueline B. Zahn
VENABLE LLP
151 West 42nd Street, 49th Floor
New York, NY 10036
(212) 307-5500

MCCARTER & ENGLISH, LLP

*/s/ Daniel M. Silver*
Daniel M. Silver (#4758)
Alexandra M. Joyce (#6423)
Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, Delaware 19801
(302) 984-6300
dsilver@mccarter.com
ajoyce@mccarter.com

*Attorneys for Plaintiffs Astellas Pharma Inc., Astellas US LLC, and Astellas Pharma US, Inc.*